IN RE E.C.

[174 N.C. App. 517 (2005)]

IN THE MATTER OF: E.C.

No. COA05-218

(Filed 15 November 2005)

**1. Appeal and Error— preservation of issues—neglected child—guardianship and visitation**

Issues concerning guardianship and visitation for a neglected child were preserved for appeal despite respondent's failure to object at the dispositional hearing.

**2. Child Abuse and Neglect— appointment of guardian—timing**

A guardian may be appointed by the trial court at any time during juvenile proceedings, including the dispositional hearing, when it finds such appointment to be in the juvenile's best interest, as here.

**3. Child Abuse and Neglect— appointment of guardian—findings**

The trial court was not required to make findings pursuant to N.C.G.S. § 7B-507(b) when appointing a guardian for a neglected child where the guardianship was not the permanent plan and did not end DSS's duty to continue reunification efforts with the parent.

**4. Child Abuse and Neglect— guardianship—visitation**

Awarding visitation for a neglected child is a judicial function which may not be delegated to the custodian of the child, although the trial court may grant some good faith discretion to suspend visitation, subject to notice and review by the court. The trial court here erred by failing to include an appropriate visitation plan in its dispositional order for the neglected child.

**5. Child Abuse and Neglect— adjudication of neglect—circumstances from other county considered**

In adjudicating a child neglected, a district court is not limited to considering only those circumstances occurring within its district; otherwise, abusive and neglectful parents could avoid court intervention by simply moving from county to county. Sufficient evidence was presented here to support the conclusion of neglect

**6. Child Abuse and Neglect— removal from custody—one of three grounds required—findings insufficient for dependency**

In order to remove a juvenile from the parents' custody the trial court must determine that the juvenile is abused, neglected, or dependent, and a finding of any of the three grounds will support the court's decision. Although this respondent appealed on somewhat different grounds, and there was sufficient evidence of neglect, the trial court erred by concluding that a child was dependent without findings of fact concerning respondent's ability to provide care, supervision or an alternative arrangement for care.

Appeal by respondent mother from order entered 28 June 2004 by Judge J. Kent Washburn in Alamance County District Court. Heard in the Court of Appeals 21 September 2005.

*Jamie L. Hamlett, for petitioner-appellee Alamance County Department of Social Services.*

*Richard Croutharmel, for respondent-appellant.*

TYSON, Judge.

M.C. ("respondent") appeals from the trial court's order adjudicating her minor child, E.C. ("the child"), neglected and dependent and awarding legal guardianship of the child to Cecilia Pointer ("Ms. Pointer") with visitation in the discretion of Ms. Pointer. We affirm in part, vacate in part, and remand.

I. Background

Respondent gave birth to the child on 21 March 2003. The child was born with cocaine present within her system. The Orange County Department of Social Services ("DSS") determined respondent needed case management services and assigned a social worker to the case. Respondent entered "Sunrise," a substance abuse treatment program, on 11 August 2003. Respondent admitted she was unable to complete the Sunrise program because she "didn't want to follow directions" and engaged in confrontations with others in the program. Respondent had enrolled in two other substance abuse treatment programs prior to attending Sunrise. She completed a twenty-eight day program designed to prepare an individual to enter into a long-term program, but failed to complete the subsequent long-term program because she "chose not to."

**IN RE E.C.**

[174 N.C. App. 517 (2005)]

In October 2003, respondent and the child moved in with Ms. Pointer, respondent's cousin, in Alamance County. Respondent signed an agreement granting Ms. Pointer temporary custody of the child. Respondent agreed not to go anywhere alone with the child. Ms. Pointer was granted temporary custody of the child until 18 December 2003.

Difficulties arose between Ms. Pointer and respondent about a month after respondent and the child moved in with her. Respondent left the home for several days at a time leaving the child with Ms. Pointer. When respondent returned to the home, she would sleep for long periods of time with the child in the bed with her. Respondent would not awaken when the child cried. Respondent kept the room where she and the child stayed in a filthy condition.

On 7 December 2003, respondent came home appearing to be high or drunk. Ms. Pointer and respondent argued after Ms. Pointer asked respondent to clean up her room. Ms. Pointer was concerned about the child living in the filthy room. Respondent threatened to remove the child from Ms. Pointer's home. Respondent told Ms. Pointer she was going to a "crack house" with the child. Ms. Pointer testified she did not believe respondent would take the child to a "crack house." Ms. Pointer called the police to prevent respondent from removing the child from the home. This incident led DSS to file a petition alleging neglect and dependency of the child.

On 10 December 2003, the trial court conducted a non-secure custody hearing and continued the child in non-secure custody. Additional non-secure custody hearings were held on 17 December 2003, 21 January 2004, 4 February 2004, 25 February 2004, and 31 March 2004. At each hearing, the trial court ordered the child to remain in non-secure custody. The child was adjudicated neglected and dependent on 11 May 2004. The trial court entered a dispositional order on 26 May 2004 and awarded legal guardianship of the child to Ms. Pointer. Respondent appeals.

## II. Issues

The issues on appeal are whether the trial court erred by: (1) awarding guardianship of the child to Ms. Pointer; (2) ordering visitation between respondent and the child at the discretion of Ms. Pointer; (3) concluding respondent had neglected the child; and (4) concluding the child was dependent as to respondent.

### III. Preservation of Error

**[1]** DSS argues that respondent failed to preserve the assignments of error regarding legal guardianship and visitation for our review because she failed to object to the trial court's award of guardianship and its ruling on visitation at the conclusion of the trial. We disagree.

Rule 10(a) of the North Carolina Rules of Appellate Procedure provides "that upon any appeal duly taken from a final judgment any party to the appeal may present for review, by properly making them the basis of assignments of error, the questions whether the judgment is supported by the verdict or by the findings of fact and conclusions of law . . . ." N.C.R. App. P. 10(a)(1) (2004). Respondent assigns error to the trial court's order granting Ms. Pointer legal guardianship of the child, as well as the visitation the trial court awarded respondent. Respondent's failure to object at the dispositional hearing is not a failure to preserve these issues for appeal. *Id.* Nor is a party required to object at the hearing or raise a motion in order to preserve this type of question for appellate review. *Id.* DSS's argument is overruled.

### IV. Legal Guardianship

#### A. Appointment

**[2]** Respondent contends: (1) chapter 7B of the North Carolina General Statutes does not authorize awarding guardianship at the dispositional hearing following an adjudication; and (2) awarding guardianship is tantamount to ceasing reunification efforts and thus requires findings pursuant to N.C. Gen. Stat. § 7B-507(b), which was not done in this case. We disagree.

N.C. Gen. Stat. § 7B-600 governs the appointment of a guardian. It provides that "[i]n *any* case when no parent appears in a hearing with the juvenile or when the court finds it would be in the bests interests of the juvenile, the court may appoint a guardian of the person for the juvenile." N.C. Gen. Stat. § 7B-600(a) (2003) (emphasis supplied). This statute permits the trial court to appoint a guardian at any time during the juvenile proceedings, including the dispositional hearing, when it finds such appointment to be in the juvenile's best interests. The dispositional order in this case demonstrates the court found guardianship to be in the child's best interest following the presentation of all the evidence at the adjudicatory hearing and after review of DSS's and guardian *ad litem's* reports. Respondent did not appear

at the dispositional hearing. "No parent appear[ing]" provide the court with additional grounds to appoint a guardian under the statute. *Id.* Respondent's contention is overruled.

### B. Guardianship Equates to Ceasing Reunification

[3] Respondent contends if the trial court has authority to award guardianship at the dispositional hearing such an award is tantamount to ceasing reunification efforts, and the trial court is required to make findings of fact pursuant to N.C. Gen. Stat. § 7B-507(b). Respondent asserts the trial court's failure to make such findings was reversible error. We disagree.

Respondent argues the court's award of guardianship here is equivalent to the cessation of reunification efforts and that challenging guardianship is more difficult than the mere grant of legal custody. Under N.C. Gen. Stat. § 7B-600(b), the court may not terminate a legal guardianship absent a showing that the relationship between the guardian and a juvenile is no longer in the juvenile's best interest, the guardian is unfit, has neglected their duties, or is unwilling or unable to continue the guardianship. Respondent incorrectly interprets this portion of the statute. Only where guardianship is the permanent plan for the juvenile may a court not terminate the guardianship or reintegrate the minor into a parent's home, absent a finding that the relationship between the juvenile and the guardian is no longer in the juvenile's best interest, the guardian is unfit, negligent, or unable to continue. N.C. Gen. Stat. § 7B-600(b). The dispositional order does not make Ms. Pointer's guardianship the permanent plan. The award of guardianship does not cease DSS's duty to continue reunification efforts with respondent. The trial court was not required to make findings pursuant to N.C. Gen. Stat. § 7B-507(b). This assignment of error is overruled.

### V. Visitation

[4] Respondent contends the trial court erred in ordering visitation between respondent and the child to be at the discretion of the person vested with physical custody of the child. We agree.

Section 7B-905 of the Juvenile Code provides in pertinent part:

Any dispositional order under which a juvenile is removed from the custody of a parent, guardian, custodian, or caretaker, or under which the juvenile's placement is continued outside the home *shall provide for appropriate visitation* as may be in the

best interests of the juvenile and consistent with the juvenile's health and safety. If the juvenile is placed in the custody or placement responsibility of a county department of social services, the court may order the director to arrange, facilitate, and supervise a visitation plan expressly approved by the court. If the director subsequently makes a good faith determination that the visitation plan may not be in the best interests of the juvenile or consistent with the juvenile's health and safety, the director may temporarily suspend all or part of the visitation plan. The director shall not . be subjected to any motion to show cause for this suspension, but shall expeditiously file a motion for review.

N.C. Gen. Stat. § 7B-905(c) (2003) (emphasis supplied). Where custody is removed from a parent, the court *must* conduct a review hearing within ninety days from the date of the dispositional hearing. N.C. Gen. Stat. § 7B-906(a) (2003). At the review hearing, the court must consider and make relevant findings of fact regarding an appropriate visitation plan. N.C. Gen. Stat. § 7B-906(c)(6) (2003). The trial court maintains the responsibility to ensure that an appropriate visitation plan is established within the dispositional order. Where custody is granted to the county DSS, some discretion may be granted to the DSS director "to arrange, facilitate, and supervise a visitation plan;" however, such plan must be "expressly approved by the court." N.C. Gen. Stat. § 7B-905(c). The DSS director may also "temporarily suspend all or part of the visitation plan" but only upon "a good faith determination that the visitation plan may not be in the best interests of the juvenile or consistent with the juvenile's health and safety." *Id.*

Here, the trial court's dispositional order failed to include an appropriate visitation plan. Instead, the trial court ordered that visitation between respondent and her child was to be allowed in the "discretion of the guardian." The awarding of visitation of a child is an exercise of a judicial function, and a trial court may not delegate this function to the custodian of a child. *In re Stancil,* 10 N.C. App. 545, 552, 179 S.E.2d 844, 849 (1971). The trial court "should not assign the granting of this privilege of visitation to the discretion of the party awarded custody of the child." *Id.* at 551-52, 179 S.E.2d at 849.

In the absence of findings that the parent has forfeited their right to visitation or that it is in the child's best interest to deny visitation "the court should safeguard the parent's visitation rights by a provision in the order defining and establishing the time, place[,] and conditions under which such visitation rights may be exercised." *Id.* at

552, 179 S.E.2d at 849. Here, the trial court's order contains no such findings of fact.

We conclude the trial court erred by failing to include an appropriate visitation plan in its dispositional order. An appropriate visitation plan must provide for a minimum outline of visitation, such as the time, place, and conditions under which visitation may be exercised. *See id.* The trial court may also in its order, however, grant some "good faith" discretion to the person in whose custody the child is placed to suspend visitation if such visitation is detrimental to the child. *See Woncik v. Woncik,* 82 N.C. App. 244, 250, 346 S.E.2d 277, 281 (1986) (holding that the trial court did not delegate its judicial authority by including in its custody order a provision allowing the child's custodian, upon notice to the court, to suspend a non-custodial parent's visitation privilege, pending a court hearing, if the non-custodial parent during visitation engaged in behavior detrimental to the child's welfare); *compare* N.C. Gen. Stat. § 7B-905(c) (allowing termination or suspension of visitation by the director of DSS upon "a good faith determination that the visitation plan may not be in the best interests of the juvenile or consistent with the juvenile's health and safety"). Suspension of visitation remains subject to notice and review by the trial court.

The trial court improperly gave Ms. Pointer discretion over visitation instead of making the required findings of fact. We vacate that portion of the dispositional order and remand to the trial court for proceedings regarding visitation consistent with this opinion.

## VI. Adjudication of Neglect

[5] Respondent next argues the trial court erred in concluding she had neglected the child. We disagree.

Respondent asserts acts she committed in counties other than Alamance County should not be used to make a judicial determination of neglect in Alamance County. Respondent contends the Alamance County District Court exceeded its authority when it adjudicated the child neglected based in part on alleged acts or omissions committed by her in Orange County, particularly when the Orange County DSS took no judicial action. Respondent cites no law to support this contention and we fail to find any authority to support it.

The district court has exclusive, original jurisdiction over any case involving a juvenile alleged to be abused, neglected, or dependent. N.C. Gen. Stat. § 7B-200(a) (2003). "A proceeding in which a juve-

nile is alleged to be abused, neglected, or dependent may be commenced in the district in which the juvenile resides or is present." N.C. Gen. Stat. § 7B-400 (2003).

A neglected juvenile is defined as follows:

> A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15) (2003). "[T]his Court has consistently required that there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision, or discipline.' " *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993) (quoting *In re Thompson*, 64 N.C. App. 95, 101, 306 S.E.2d 792, 796 (1983)). The allegations in a petition alleging abuse, neglect, or dependency of a juvenile must be proven by clear, cogent, and convincing evidence. N.C. Gen. Stat. § 7B-805 (2003). In adjudicating a child neglected, a district court is not limited to considering only those circumstances occurring within its district. To hold otherwise would allow abusive and neglectful parents to avoid court intervention by simply moving from county to county.

Sufficient evidence was presented to support the trial court's conclusion that respondent neglected the child. Respondent kept the child in a filthy room with clothes and dirty diapers strewn about. Respondent would leave the home for several days at a time. Upon her return, she would sleep for long periods of time with the child in the bed and would not awaken when the child cried. Evidence tended to show respondent came home drunk or under the influence of drugs on 7 December 2003 and attempted to remove the child from the home in the middle of the night. Respondent was unable to complete the Sunrise Substance Abuse Treatment Program because of frequent altercations with other residents. DSS presented clear, cogent, and convincing evidence from which the trial court could find and conclude the child was at risk of some physical, mental, or emotional impairment due to respondent's failure to provide proper care and supervision for and neglected the child. This assignment of error is overruled.

IN RE E.C.

[174 N.C. App. 517 (2005)]

## VII. Adjudication of Dependency

**[6]** Respondent next argues the trial court erred in concluding the child was dependent. We agree.

A finding of neglect alone is sufficient to support the trial court's decision to divest a parent of custody of their child. In order to remove a juvenile from the parents' custody the trial court must determine that the juvenile is "abused, neglected, *or* dependent." N.C. Gen. Stat. § 7B-503(a) (2003) (emphasis supplied). Throughout Chapter 7B of the Juvenile Code, the phrase "abused, neglected, *or* dependent" is stated in the disjunctive, not the conjunctive. *See, e.g.,* N.C. Gen. Stat. § 7B-200, § 7B-406, § 7B-500, § 7B-602, and § 7B-805. "In its elementary sense the word 'or,' as used in a statute, is a disjunctive particle indicating that the various members of the sentence are to be taken separately[.]" *Grassy Creek Neighborhood Alliance, Inc. v. City of Winston-Salem*, 142 N.C. App. 290, 297, 542 S.E.2d 296, 301 (2001) (citations and internal quotation marks omitted). Giving the statute its natural and ordinary meaning, a finding of any of the three grounds by the trial court will support its decision to continue custody of the child with Ms. Pointer. *See id.* However, respondent appeals from an adjudication of neglect *and* dependency and not a termination of her parental rights on either ground. Since these adjudications may serve as the basis for future adjudications, we address this issue.

A dependent juvenile is defined as "[a] juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-101(9) (2003). "Under this definition, the trial court must address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re P.M.,* 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005). The trial court made no findings of fact concerning respondent's ability to provide care or supervision for the child or that respondent lacked an alternative child care arrangement to support its conclusion the child was dependent. *Id.*

## VIII. Conclusion

The trial court did not err in awarding guardianship to Ms. Pointer. We affirm the trial court's conclusion that the child is neglected. The trial court erred in awarding visitation between

respondent and the child at the discretion of Ms. Pointer. We vacate those portions of the trial court's order awarding visitation and finding the child dependent, and remand for proceedings regarding visitation and dependency consistent with this opinion.

Affirmed in part, Vacated in part, and Remanded.

Judges HUNTER and STEELMAN concur.