IN THE MATTER OF: D.A.H., a minor child
No. COA09-920.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
No brief filed for petitioner-appellee.
North Carolina Administrative Office of the Courts, by Associate Legal Counsel Pamela Newell Williams, for the guardian ad litem.
Duncan B. McCormick for respondent-mother.
BRYANT, Judge.
In July 2007, petitioner Burke County Department of Social Services filed a juvenile petition alleging that D.A.H. ("David")[1] and an older sister ("Deborah") were neglected juveniles. On 2 October 2007, the trial court entered a consent order adjudicating the two children neglected juveniles. The court appointed the paternal grandmother ("Grandmother") as guardian of Deborah. The trial court awarded custody of David to petitioner and authorized petitioner to place David with Grandmother. Following a permanency planning review hearing on 16 April 2009, the court entered an order dated 14 May 2009 granting custody and guardianship of David to Grandmother and granting continued visitation to David's mother. Respondent, David's biological mother, appeals. David's biological father did not appeal. For the reasons discussed below, we affirm in part, reverse in part and remand for additional findings.

Facts
In the permanency planning order, the court adopted statements contained in the reports of the guardian ad litem and petitioner as findings of fact. The court also incorporated by reference findings of fact contained in prior orders in this matter. These orders and reports show the following undisputed facts.
Respondent gave birth to David in 2006. In May 2007, respondent placed David with Grandmother in Burke County; David's older sister, Deborah, was already living there. Pursuant to the 2 October 2007 consent order, the court placed custody and guardianship of Deborah with Grandmother and ordered that reunification be attempted with David. After a 30 October 2008 hearing, the court entered an order continuing the plan of reunification with respondent, stating it was possible that David could be returned to respondent's home within six months. Respondent subsequently gave birth in February 2009 to another child by a different father. At the time of the hearing giving rise to this appeal on 16 April 2009, respondent resided in Asheville with the infant and its father. Respondent has one other child in addition to David, Deborah and the infant. Respondent's oldest child is in the custody of respondent's mother in another state.
The court made the following findings of fact in the order under review here:
1. The Court adopts the statements contained in the reports of Ms. Craig and Ms. George as its findings and incorporates those reports herein by reference. The Court also incorporates herein by reference the findings of fact contained in its prior orders in this matter.
2. [David] continues to reside with [Grandmother]. He has resided in that placement for 23 out of his 28 months of life. He has a full sibling who resides with him there. He has bonded with his maternal grandmother and sister and is thriving in that placement. He attends daycare and is on target developmentally. His medical needs are being met.
3. [Respondent] continues to reside in Asheville with her boyfriend. They have been in a relationship for 1 year and 2 months. There is nothing negative about that relationship. They have a 2-month-old baby. [Respondent's] contact with the juvenile has been limited by her residing in Asheville and her lack of a driver's license and regular transportation. She is in compliance with her treatment expectations at the Women's Recovery Center, but she has a long history of substance abuse and mental health issues. All of her recent drug screens have been negative, but she has had a positive drug test within the past year. She attends weekly dialectical behavioral therapy groups. She continues to have a full-time job, but she is in arrears with her child support payments for the juvenile, due to her pregnancy and the birth of her baby.
4. [Father] is awaiting trial on old pending felony charges. He wants [David] to remain with [Grandmother].
5. [Grandmother] understands the legal significance should the Court place the juvenile's custody and guardianship of the juvenile's person with her. She has the resources to meet the juvenile's needs.
6. [Petitioner's] efforts at reunification include providing the parents with case plans and referrals for parenting classes, employment resources, transportation resources, mental health services, and psychological evaluations.
Based upon the foregoing, the court concluded that petitioner has made reasonable efforts to achieve a permanent home for David, that David's custody and guardianship should be placed with Grandmother, and that it is in David's interest to grant custody and guardianship to Grandmother. The Court also allowed respondent to continue to have up to eight hours of weekly unsupervised visitations in Burke County.
Respondent raises two issues on appeal, arguing that the trial court abused its discretion in entering (I) a permanency planning order appointing a legal guardian and legal custodian without making a required finding about whether the child could be returned to the mother's home and (II) a visitation order that did not provide a minimum period of time. As discussed below, we affirm in part, reverse in part and remand for additional findings.

I
Respondent first contends the court abused its discretion by entering a permanency planning order appointing a guardian and legal custodian without making the necessary findings. We agree.
"Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings [of fact] and the findings support the conclusions of law." In re J.C.S., 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004) (citation omitted). When a child is not returned home, the court must make written findings regarding:
(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;
(2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;
(3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption;
(4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;
(5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile;
(6) Any other criteria the court deems necessary.
N.C. Gen. Stat. § 7B-907(b)(2007). We have stated that "[w]hile it is true that the court is not expressly required to make every finding listed, it must still make those findings that are relevant to the permanency plans being developed for the children." In re J.S., 165 N.C. App. 509, 512, 598 S.E.2d 658, 660-61 (2004). The findings must be made even if "the evidence and reports in [the] case might have supported the determination of the trial court." In re Ledbetter, 158 N.C. App. 281, 286, 580 S.E.2d 392, 395 (2003). The court's findings of fact also "must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment." In re J.S., 165 N.C. App. at 511, 598 S.E.2d at 660 (internal citation and quotation marks omitted). The lack of sufficient specificity in a permanency planning order as to the factors listed in N.C.G.S. § 7B-907(b) will result in reversal and remand for the making of appropriate findings. In re Ledbetter, 158 N.C. App. at 286, 580 S.E.2d at 395.
Here, the order does not return David to his home but rather places him in the custody and guardianship of Grandmother. When a child is not returned home, section 7B-907(b)(1) requires the court to find whether it is possible to return a child to his home immediately or within the next six months, and if not possible, the court must explain why. In re Everett, 161 N.C. App. 475, 480, 588 S.E.2d 579, 583 (2003). The trial court's order lacks any finding about whether David's return home is possible within six months, and if not, why.
The guardian ad litem argues that the requisite finding is supplied by the trial court's incorporation of the reports of the guardian ad litem and petitioner into its findings of fact. However, we have held that a finding of fact adopting reports of the guardian ad litem and a county department of social services is not sufficient under N.C.G.S. § 7B-907(b). In re Harton, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003). Here, the trial court failed to make sufficient independent findings to support its order; therefore, we reverse and remand for the trial court to make the required findings.

II
Respondent also contends that the trial court abused its discretion by entering a visitation order that did not provide for a minimum period of visitation. We disagree.
A dispositional order placing a juvenile outside the home "shall provide for appropriate visitation as may be in the best interest of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905(c) (2007). "An appropriate visitation plan must provide for a minimum outline of visitation such as the time, place, and conditions under which visitations may be exercised." In re E.C., 174 N.C. App. 517, 523, 621 S.E.2d 647, 652 (2005). The order here provides for unsupervised weekly visitations by respondent, anywhere in Burke County, for up to eight hours. For the health and safety of the juvenile, the order requires that respondent be sober during visitations. This portion of the order complies with the statutory requirement of N.C.G.S. § 7B-905(c).
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] Pseudonyms used to protect the identities of the children.