**IN RE J.P.**

[227 N.C. App. 537 (2013)]

---

IN RE J.P. AND P.F.

No. COA13-35

Filed 4 June 2013

1. **Child Abuse, Dependency, and Neglect—permanent plan—notice—waiver**

   The trial court did not err in a juvenile abuse and neglect case by adopting a temporary permanent plan at the adjudication hearing and a permanent plan at the disposition hearing for the juveniles without giving respondents notice of its intent to create a permanent plan as required by N.C.G.S. § 7B-907(a). To the extent that the adjudication order adopted a temporary permanent plan without notice, the alleged error was rendered harmless by the trial court's entry of a permanent plan at disposition. Furthermore, respondents waived their right to notice by attending the disposition hearing in which the permanent plan was created, participating in the hearing, and failing to object to the lack of notice.

2. **Child Abuse, Dependency, and Neglect—ceasing reunification efforts—findings—related to conclusion**

   The trial court did not err in a juvenile abuse and neglect case by ceasing reunification efforts with respondent-mother without making findings that such efforts would be futile or would be inconsistent with the children's health, safety, and need for a safe, permanent home within a reasonable period of time. The unchallenged findings of fact were related by the trial court to a conclusion of law that specifically set forth the basis for ceasing reunification efforts under N.C.G.S. § 7B-507(b).

**3. Child Abuse, Dependency, and Neglect—visitation plan —insufficient**

The trial court erred in a juvenile abuse and neglect case by failing to adopt a proper visitation plan in accordance with N.C.G.S. § 7B-905(c). The plan provided in the disposition order did not sufficiently set forth the time, place, or conditions of respondent-father's visitation. The issue was remanded to the trial court.

Appeal by respondents from orders entered 13 June 2012 and 11 October 2012 by Judge Charlie Brown in Rowan County District Court. Heard in the Court of Appeals 8 May 2013.

*Assistant Appellate Defender Joyce L. Terres for respondent-appellant mother.*

*Ryan McKaig for respondent-appellant father.*

*Rowan County Department of Social Services, by Cynthia Dry, petitioner-appellee.*

*Parker Poe Adams & Bernstein LLP, by Katie M. Iams, for guardian ad litem.*

HUNTER, Robert C., Judge.

Respondent-mother, M.F., appeals from the trial court's order adjudicating her minor child J.P. ("Jane") to be abused and neglected.[1] Respondent-mother and respondent-father, J.F., (collectively "respondents") appeal from the trial court's order adjudicating their minor child P.F. ("Penny") to be neglected. Respondents also appeal from the disposition order which ceased reunification efforts by DSS and entered a permanent plan as to Penny and Jane. After careful review, we affirm the adjudication order. As to the disposition order, we affirm in part and reverse in part.

**Background**

The Rowan County Department of Social Services ("DSS") filed a

---

1. "Penny" and "Jane" are pseudonyms used to protect the identity of the minor children. Respondent-mother, M.F., and respondent-father, J.F., are the parents of the minor child Penny. Respondent-mother and J.P. are the parents of the minor child Jane; however, the father, J.P., is not a party to this appeal.

IN RE J.P.

[227 N.C. App. 537 (2013)]

juvenile petition on 20 February 2012 alleging that Penny was a neglected juvenile and that Jane was an abused and neglected juvenile. A non-secure custody order was entered for both children on the same day.

On 10 May 2012, respondents and Jane's father, J.P., signed a consent order acknowledging that Penny and Jane were neglected juveniles and that Jane was an abused juvenile based on clear, cogent, and convincing evidence. On the same day, the trial court entered an adjudication order which created a concurrent plan of reunification with respondent-mother and custody/or guardianship with a family member or court-approved caretaker as a temporary permanent plan for the children. The order also provided that a dispositional hearing was to be scheduled for August 2012.

At the dispositional hearing, the trial court considered the testimony of seven witnesses and the written recommendations of DSS and the children's guardian ad litem ("GAL"). The trial court concluded that efforts to reunite the children with respondents would be futile and inconsistent with the children's safety and their need for a permanent home within a reasonable period of time. In its order entered 11 October 2012, the trial court ruled that reunification efforts should cease and set a permanent plan of custody or guardianship of Penny and Jane with a relative or court-approved caretaker. Custody of the children remained with DSS, and the trial court ordered that a permanency planning review was to be calendared for December 2012. Respondents filed notices of appeal from the trial court's orders. Acknowledging that their notices did not comply with the Rules of Appellate Procedure, respondents also filed petitions for writ of certiorari. Although we granted DSS's motions to dismiss respondents' appeals, we granted respondents' petitions for writ of certiorari.

**Discussion**

Respondents argue that the trial court erred by adopting a temporary permanent plan at the adjudication hearing and permanent plan for Penny and Jane at the disposition hearing without giving respondents the statutorily required notice of its intent to create a permanent plan as required by N.C. Gen. Stat. § 7B-907(a). We disagree.

"We review a dispositional order only for abuse of discretion." *In re B.W.*, 190 N.C. App. 328, 336, 665 S.E.2d 462, 467 (2008). "Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court." *In re A.C.F.*, 176 N.C. App. 520, 522, 626 S.E.2d 729, 732 (2006) (citation and quotation marks omitted).

N.C. Gen. Stat. § 7B-507(c) (2011) provides, in pertinent part:

> When the court determines that reunification efforts are not required or shall cease, the court shall order a plan for permanence as soon as possible, *after providing each party with a reasonable opportunity to prepare and present evidence.* If the court's determination to cease reunification efforts is made in a hearing that was *duly and timely noticed as a permanency planning hearing,* then the court may immediately proceed to consider all of the criteria contained in G.S. 7B-907(b), make findings of fact, and set forth the best plan of care to achieve a safe, permanent home within a reasonable period of time. If the court's decision to cease reunification efforts arises in any other hearing, the court shall schedule a subsequent hearing within 30 days to address the permanent plan in accordance with G.S. 7B-907.

(Emphasis added.) N.C. Gen. Stat. § 7B-907(a) further provides that when the trial court conducts a permanency plan hearing "[t]he clerk shall give 15 days' notice of the hearing and its purpose to the parent . . . indicating the court's impending review."

The adjudication order purports to enter a "temporary permanent plan" of reunification of Penny and Jane with respondent-mother concurrent with custody or guardianship with a family member or other court-approved caretaker. Although respondents contend it was error for the trial court to enter the "temporary permanent plan" at adjudication without providing notice of its intent to do so, we conclude that respondents cannot demonstrate any prejudice by this alleged error. *See In re H.T.,* 180 N.C. App. 611, 613-14, 637 S.E.2d 923, 925 (2006) ("[I]n general, technical errors and violations of the Juvenile Code will be found to be reversible error only upon a showing of prejudice by respondents."). To the extent that the adjudication order did so without notice, the alleged error was rendered harmless by the trial court's entry of a permanent plan at disposition. As discussed below, respondents did not object to the creation of the permanent plan in the disposition order.

As to the disposition hearing, respondents contend they were provided no notice of the trial court's intent to enter a permanent plan, which is required by section 7B-907(a). However, in *In re J.S.,* 165 N.C. App. 509, 514, 598 S.E.2d 658, 662 (2004), this Court held that a party waives its right to notice under section 7B-907(a) by attending the hearing in

which the permanent plan is created, participating in the hearing, and failing to object to the lack of notice. *See also In re C.W.*, __ N.C. App. __, 723 S.E.2d 582 (No. COA11-1325) (2012) (unpublished) (concluding that the respondent-mother waived her right to notice that a permanent plan would be created in a hearing scheduled only for adjudication and disposition where the mother and her counsel attended and participated in the hearing without objecting to the lack of notice required by N.C. Gen. Stat. § 7B-907(a)).

The transcript from the 6 September 2006 disposition hearing establishes that the trial court announced its finding that reunification would be inconsistent with Penny's and Jane's safety and announced its intent to enter a permanent plan without objection by respondents:

> THE COURT: The [c]ourt . . . further bases [i]ts decision to issue a disposition with a permanent plan of custody to [sic] guardianship.
>
> Further for the Department?
>
> [Counsel for DSS]: No, your Honor. Thank you.
>
> THE COURT: Further for the guardian?
>
> [Counsel for GAL]: Thank you.
>
> THE COURT: Further for Respondents?
>
> [Counsel for respondents]: No, your Honor.
>
> THE COURT: Thank you.

It is apparent that respondents and their counsel attended and participated in the disposition hearing in which the trial court announced its intention to enter a permanent plan, and they did not object to the trial court's failure to give the notice required by section 7B-907(a). In accordance with our holding in *In re J.S.*, respondents waived any objection to lack of notice of a hearing on a permanent plan, and their argument is overruled.

## II. Findings of Fact

[2] Respondent-mother contends the trial court erred in ceasing reunification efforts without making findings that such efforts would be futile or would be inconsistent with the children's health, safety, and need for a safe, permanent home within a reasonable period of time. We disagree.

In a dispositional order, a trial court may direct

that reasonable efforts to eliminate the need for place-
ment of the juvenile shall not be required or shall cease if
the court makes written findings of fact that:

(1) Such efforts clearly would be futile or would be
inconsistent with the juvenile's health, safety, and need
for a safe, permanent home within a reasonable period
of time[.]

N.C. Gen. Stat. § 7B-507(b)(1). "This Court reviews an order that ceases
reunification efforts to determine whether the trial court made appro-
priate findings, whether the findings are based upon credible evidence,
whether the findings of fact support the trial court's conclusions, and
whether the trial court abused its discretion with respect to disposition."
*In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007).

Respondent-mother contends the trial court's order does not
make an ultimate finding relating to the two prongs in N.C. Gen. Stat.
§ 7B-507(b)(1), that: (1) attempted reunification efforts would be futile
or (2) reunification would be inconsistent with the juvenile's health,
safety, and need for a safe, permanent home within a reasonable period
of time. In *In re I.R.C.*, __ N.C. App. __, __, 714 S.E.2d 495, 498 (2011),
we reversed the trial court's order ceasing reunification because the trial
court there recited allegations against the respondent but did not "link"
any of those allegations to the two prongs of section 7B-507(b)(1). We
contrasted the order at issue in *In re I.R.C.* with orders upheld by this
Court as meeting the statutory requirements upon the basis that "the
trial court in those cases related the findings to a conclusion of law that
specifically set forth the basis for ceasing reunification efforts under
N.C. Gen. Stat. § 7B–507(b)." *Id.*

Here, the trial court's order contains the following findings of fact:

60. . . . [Respondent-mother] continues to live with
[respondent-father] even though she understands that
[Jane] cannot be placed with her since [respondent-father]
has a no contact order with [Jane], and [respondents] have
not complied with the court's order.

61. Based upon [respondent-father's] guilty plea to
Misdemeanor Child Abuse in district court, his vio-
lation or [sic] probation after having been serving
probation only about ninety days, the changing inten-
tions of reconciliation between [respondents], and the
substantial risk to [Jane and Penny] if reunified with

[respondents], a permanent plan of custody or guardianship represents the safest and most appropriate permanent plan for the juveniles.

. . .

65. It would be contrary to the best interests and welfare of the juveniles to be returned to the custody of [respondents] since the issue of child abuse has not yet been addressed by [respondents].

These findings are not challenged by respondents as lacking competent evidentiary support, and they are therefore binding on appeal. *In re L.A.B.*, 178 N.C. App. 295, 298, 631 S.E.2d 61, 64 (2006).[2] These findings of fact support the trial court's ultimate conclusion: "Continuing a plan of reunification for the juveniles is futile *based on the findings at adjudication and those enumerated above* and is inconsistent with the juveniles' safety and their need for a permanent home within a reasonable period of time." (Emphasis added.) Thus, the trial court "related the findings to a conclusion of law that specifically set forth the basis for ceasing reunification efforts under N.C. Gen. Stat. § 7B-507(b)[,]" *In re I.R.C.*, __ N.C. App. at __, 714 S.E.2d at 498, and respondent-mother's argument is overruled.

### III. Visitation Plan

**[3]** Respondent-father argues, and GAL agrees, that the trial court failed to adopt a proper visitation plan in accordance with N.C. Gen. Stat. § 7B-905(c) as the plan provided in the disposition order does not sufficiently set forth the time, place, or conditions of respondent-father's visitation with Penny. We agree.

Pursuant to the Juvenile Code, "[a]ny dispositional order . . . under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905(c) (2009). "An appropriate visitation plan *must provide for a minimum outline of visitation, such*

---

2. We note that respondent-mother challenges the second finding contained in finding No. 65—that the trial court found that the Family Reunification Assessment yields a high risk of harm to the juveniles if they are returned to respondents' home. However, she does not challenge the first finding that the issue of child abuse has not been addressed by respondents.

*as the time, place, and conditions under which visitation may be exercised." In re E.C.,* 174 N.C. App. 517, 523, 621 S.E.2d 647, 652 (2005).

*In re S.C.R.,* ___ N.C. App. ___, ___, 718 S.E.2d 709, 713 (2011) (emphasis added).

In *In re T.B.,* 203 N.C. App. 497, 508-09, 692 S.E.2d 182, 189-90 (2010), we concluded that the provisions in the trial court's dispositional order regarding visitation were inadequate. The order provided that the mother's visitation with her children would be left to the discretion of the treatment team, must be supervised, and that the visitations must adhere to the rules established by DSS. *Id.* We remanded the order to the trial court for the entry of additional findings and conclusions regarding the time, place, and conditions under which visitation could be exercised. *Id.;* see also *In re W.V.,* 204 N.C. App. 290, 295, 693 S.E.2d 383, 387 (2010) (remanding for proceedings to clarify the respondent's visitation rights with her child where the trial court's order provided that the "respondent shall have weekly visitations supervised by [DSS]"); *In re I.S.,* 209 N.C. App. 470, 708 S.E.2d 214 (No. COA10-902) (2011) (unpublished) (concluding provisions of the trial court's order regarding visitation were inadequate where the order provided that respondent was "entitled to at least two visits per month" that were to take place at the home of the child's caregiver).

Here, the trial court's order provides that DSS "shall offer supervised visitation" for respondent-father with Penny "every-other week" and that visitation will be reduced to once a month if respondent-father "acts inappropriately during a visitation or does not attend a visit" without prior notice. Based on this Court's holdings in *In re T.B.,* in *In re W.V.,* and in *In re I.S.,* we reverse and remand that portion of the disposition order regarding respondent-father's visitation with Penny. We remand for the entry of additional findings and conclusion as to the time, place, and conditions of an appropriate visitation plan.

## Conclusion

Respondents waived their right to notice of the trial court's intent to enter a permanent plan, as required by N.C. Gen. Stat. §§ 7B-507(c) and 7B-907(a). The trial court's decision to cease reunification efforts in its 11 October 2012 disposition order is supported by sufficient findings of fact. We reverse and remand that portion of the disposition order regarding respondent-father's visitation with Penny for the making of additional findings and conclusions as to the time, place, and conditions

of an appropriate visitation plan. The remainder of the disposition order is affirmed.

The 13 June 2012 adjudication order is AFFIRMED.

The 11 October 2012 disposition order is AFFIRMED in part and REVERSED in part.

Judges STROUD and ERVIN concur.