An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1114
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

IN THE MATTER OF:

                                    Brunswick County
                                    Nos. 11 JA 125-26
        E.W.P. and J.W.P.


        Appeal by respondent-father from orders entered 12 July 2013 by Judge Sherry Dew Prince in Brunswick County District Court.  Heard in the Court of Appeals 14 April 2014.


        *Jess, Isenberg & Thompson, by Elva L. Jess, for petitioner-appellee Brunswick County Department of Social Services.*

        *Mary McCullers Reece for respondent-appellant father.*

        *Kerner Law Firm, by Robert C. Kerner, Jr., for guardian ad litem (no brief).*


        Ervin, Judge.


        Respondent-Father Jonathan P. appeals from permanency planning orders entered by the trial court which awarded guardianship of E.W.P. and J.W.P.[1] to their paternal grandmother, Jeanie K., and paternal aunt, Wendy D.  On appeal, Respondent-Father contends that the trial court erred by failing to adopt a

_____

        [1]E.W.P and J.W.P will be referred to throughout the remainder of this opinion as "Enid" and "Jake," pseudonyms used for ease of reading and to protect the juveniles' privacy.

specific plan under which Respondent-Father was allowed to visit Enid and Jake and by dispensing with the necessity for further periodic review proceedings without making the statutorily required findings of fact. After careful review of Respondent-Father's challenges to the trial court's orders in light of the record and the applicable law, we conclude that the trial court's orders should be reversed and that this case should be remanded to the Brunswick County District Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

On 6 September 2011, the Brunswick County Department of Social Services filed petitions alleging that Enid and Jake were neglected and dependent juveniles and obtained the entry of orders taking the children into nonsecure custody. At that time, Enid was twenty months old and Jake was nine months old. In addition, J.A.W., who was Respondent-Father's daughter from an earlier marriage, lived with the family.[2] According to the allegations advanced in the petitions, both children were developmentally delayed as a result of the environment in which they lived; the children's parents failed to provide them with adequate medical care, food, and diapers; and Jake had been

---

[2]J.A.W. will be referred to throughout the remainder of this opinion as "Joan," a pseudonym used for ease of reading and to protect the juvenile's privacy.

diagnosed as failing to thrive. Although the children were originally placed in a kinship placement with their paternal grandmother on 11 August 2011, they were moved to a licensed foster home on 16 September 2011.

On 19 October 2011, the trial court entered an order adjudicating Jake, Enid, and Joan to be neglected and dependent juveniles. In a subsequent dispositional order, the trial court determined that the children should remain in DSS custody and ordered Respondent-Father and Respondent-Mother Margaret P. to execute and comply with case plans. On 28 June 2012, the trial court entered an order providing that DSS was no longer required to make efforts to reunify Enid and Jake with their parents and changed the permanent plan for Enid and Jake from reunification with their parents to placement with a court-approved care giver. Although Enid and Jake had moved back to their grandmother's home on 1 August 2012, they had been visiting her regularly before that date.

The case came on for a permanency planning hearing on 12 June 2013. In two orders entered on 12 July 2013, the trial court found that it was not possible for Enid and Jake to return home within the next six months. As a result, the trial court made Jeanie K. and Wendy D. the children's guardians given that the children had been living with Jeanie K., that Wendy D. lived

next door to Jeanie K., and that Wendy D. was willing to share the responsibility of caring for the children with Jeanie K. In addition, the trial court relieved DSS and the guardian *ad litem* of the necessity for having further involvement with the children, concluded that there was no need for continued monitoring of the children's placement, and released Respondent-Father's counsel from any further obligation to represent Respondent-Father. Respondent-Father noted an appeal to this Court from the trial court's orders.

## II. Substantive Legal Analysis

### A. Mootness

In his brief, Respondent-Father argues that the trial court erred by (1) failing to adopt a specific plan governing his visitation with the children and (2) dispensing with the necessity for further periodic review proceedings without making the findings of fact required by N.C. Gen. Stat. § 7B-906(b). In its sole response to Respondent-Father's contentions, DSS argues that the trial court obviated the necessity for this Court to address the issues raised by Respondent-Father by convening a new permanency planning hearing and entering new permanency planning orders on 12 December 2013 which contained findings of fact and ordering language addressing the issues

that Respondent-Father has raised on appeal.[3] We do not find DSS' argument persuasive.

Although DSS does not couch its response to Respondent-Father's challenge to the trial court's orders in mootness terms, the essential thrust of its position is that, by convening new permanency planning hearings and entering new permanency planning orders after the filing of Respondent-Father's brief with this Court, the trial court has rendered Respondent-Father's challenge to the original permanency planning orders moot. According to well-established North Carolina law, "[a] case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cnty. Realtors Assn.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (citing *Black's Law Dictionary* 1008 (6th ed. 1990)). As a general proposition, "'[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.'" *Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697-98, 443 S.E.2d 127,

---

[3]DSS included the revised orders as an appendix to its brief.

131, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 520 (1994) (quoting *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979)). In the course of determining whether an appeal should be dismissed as moot, "[c]onsideration of matters outside the record is especially appropriate." *State ex rel. Util. Comm'n v. S. Bell Telephone & Telegraph Co.*, 289 N.C. 286, 288, 221 S.E.2d 322, 324 (1976). Thus, we must, as a preliminary matter, address the extent to which the trial court appropriately addressed and rectified Respondent-Father's concerns with respect to the original permanency planning orders by entering the 12 December 2013 orders.

The fundamental problem with DSS' mootness argument is that the trial court lacked the authority to enter the 12 December 2013 orders. According to N.C. Gen. Stat. § 7B-1003(b), a trial court has the authority, pending appeal, to "[c]ontinue to exercise jurisdiction and conduct hearings under [the provisions of Chapter 7B of the General Statutes dealing with abused, neglected, and dependent juveniles] with the exception of [those provisions dealing with the termination of parental rights]" and "[e]nter orders affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile." As this Court has previously noted, "N.C. Gen. Stat.

§ 7B-1003 and its predecessors were intended to authorize continued jurisdiction for a limited purpose: protection of the child pending appeal" and, for that reason, "limit[] the trial court's authority to the traditionally-recognized need to protect children pending appeal." *In re K.L.*, 196 N.C. App. 272, 278-79, 674 S.E.2d 789, 793-94 (2009). The clear motivation underlying the entry of the 12 December 2013 orders was to address and attempt to rectify errors that Respondent-Father claimed to exist in the original permanency planning orders in his brief before this Court, a purpose that has no direct bearing upon the need to protect children during the pendency of an appeal. As a result, we conclude that, since the trial court lacked the authority to enter the 12 December 2013 orders, the mootness argument advanced by DSS has no merit, and we must proceed to address Respondent-Father's challenges to the trial court's permanency planning orders.

B. Validity of Respondent-Father's Challenges
to the Trial Court's Permanency Planning Orders

1. Lack of Specific Visitation Plan

"Any dispositional order . . . under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905(c) (2011). In the orders that are

before us for review in this case, the trial court provided "[t]hat any visitation between the minor child[ren] and [their] parents shall be in the discretion of the guardian. . . ." According to Respondent-Father, the visitation provisions of the trial court's permanency planning orders failed to comply with the requirements of N.C. Gen. Stat. § 7B-905(c) because those orders included neither a specific visitation plan nor a finding that Respondent-Father was unfit to visit with his children. Respondent-Father's contention has merit.

"The awarding of visitation of a child is an exercise of a judicial function, and a trial court may not delegate this function to the custodian of a child." *In re E.C.*, 174 N.C. App. 517, 522, 621 S.E.2d 647, 652 (2005).

> In the absence of findings that the parent has forfeited [his] right to visitation or that it is in the child's best interest to deny visitation "the court should safeguard the parent's visitation rights by a provision in the order defining and establishing the time, place[,] and conditions under which such visitation rights may be exercised."

*Id.* at 522-23, 621 S.E.2d at 652 (alteration in original) (quoting *In re Stancil*, 10 N.C. App. 545, 552, 179 S.E.2d 844, 849 (1971)). In this case, the trial court failed to either find that Respondent-Father had forfeited his right to visit with Enid and Jake or that Respondent-Father would be entitled

to visit with Enid and Jake according to certain judicially specified terms and conditions. Instead, the trial court left visitation between Respondent-Father, on the one hand, and Enid and Jake, on the other hand, in the discretion of the guardians, an outcome that we have previously found to be contrary to N.C. Gen. Stat. § 7B-905(c). *See id.* at 521-23, 621 S.E.2d at 651-52 (holding that the trial court erred by authorizing the parent to visit with the children in the discretion of the appointed guardian). As a result, we reverse the visitation provisions of the challenged portion of the trial court's permanency planning orders and remand this case to the Brunswick County District Court for the entry of new permanency planning orders containing appropriate findings, conclusions, and ordering clauses describing the extent to which and circumstances under which Respondent-Father is entitled to visit with Enid and Jake consistently with the provisions of N.C. Gen. Stat. § 7B-905.1.[4]

### 2. Necessity for Future Review Proceedings

---

[4]In 2013 N.C. Sess. L. c. 129, s. 23, 24, and 41, the General Assembly repealed the visitation-related provisions of N.C. Gen. Stat. § 7B-905(c) and replaced them with the provisions of N.C. Gen. Stat. § 7B-905.1. As a result of the fact that N.C. Gen. Stat. § 7B-905.1 governs the issues addressed in this section of our opinion for purposes of "actions filed or pending on or after" 1 October 2013, the proceedings to be held on remand with respect to this issue must be governed by N.C. Gen. Stat. § 7B-905.1 rather than former N.C. Gen. Stat. § 7B-905(c).

Finally, Respondent-Father argues that the trial court erred by dispensing with the necessity for future review hearings without making the findings of fact required by N.C. Gen. Stat. § 7B-906(b).  According to N.C. Gen. Stat. § 7B-906(b):

> the court may waive the holding of review hearings required by subsection (a) of this section, may require written reports to the court by the agency or person holding custody in lieu of review hearings, or order that review hearings be held less often than every six months, if the court finds by clear, cogent, and convincing evidence that:
>
> (1)  The juvenile has resided with a relative or has been in the custody of another suitable person for a period of at least one year;
>
> (2)  The placement is stable and continuation of the placement is in the juvenile's best interests;
>
> (3)  Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months;
>
> (4)  All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion; and
>
> (5)  The court order has designated the relative or other suitable person as the juvenile's permanent caretaker or guardian of the person.

Any failure to make the findings required by N.C. Gen. Stat. § 7B-906(b) necessitates an award of appellate relief. *In re R.A.H.*, 182 N.C. App. 52, 61-62, 641 S.E.2d 404, 410 (2007).

In the challenged permanency planning orders, the trial court relieved DSS and the GAL of any responsibility for further involvement in the case, concluded that there was no need for further monitoring of the children's placement, and released Respondent-Father's counsel. As a result, the ultimate effect of the challenged permanency planning orders was to end the present case and dispense with the necessity for future periodic review hearings. The trial court did not, however, make findings addressing all of the criteria specified in N.C. Gen. Stat. § 7B-906(b). More specifically, although the trial court detailed the stability of the children's placement with Jeanie K. and found that placement of the children with Jeanie K. and Wendy D. was in the children's best interests, the children had only been in that placement for eleven months at the time that the permanency planning order was entered. As a result, the trial court failed to adequately address the criteria specified in N.C. Gen. Stat. § 7B-906(b)(1). In addition, the trial court failed to make findings regarding the issues posited in N.C. Gen. Stat. §7B-906(b)(3), which relates to the issue of whether the juvenile's best interests or the rights of any party require

that additional review hearings be held in the future at six month intervals, and N.C. Gen. Stat. § 7B-906(b)(4), which addresses the extent to which the parties are aware that future review proceedings can be held on the court's own motion or as the result of a motion filed by a party to the proceeding. As a result, we reverse the challenged permanency planning orders and remand this case to the Brunswick County District Court for the entry of new orders containing appropriate findings of fact, conclusions of law, and ordering clauses relating to the issue of whether additional periodic review proceedings should be held. *See R.A.H.*, 182 N.C. App. at 62, 641 S.E.2d at 410.[5]

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court failed to adequately address the issue of Respondent-Father's visitation with Enid and Jake and to make findings of fact and conclusions of law adequately addressing the issues relevant to a determination that additional periodic review proceedings need not be held in this matter. As a

---

[5]The General Assembly repealed former N.C. Gen. Stat. § 7B-906, 2013 N.C. Sess. L. c. 129, s. 25, and enacted N.C. Gen. Stat. § 7B-906.1, 2013 N.C. Sess. L. c. 129, s. 26, "effective October 1, 2013, and [applicable] to actions filed or pending on or after that date." 2013 N.C. See. L. c. 129, s. 41. As a result of the fact that the issues formerly governed by N.C. Gen. Stat. § 7B-906(b) are now addressed in N.C. Gen. Stat. § 7B-906.1(n), the proceedings on remand should be conducted in accordance with N.C. Gen. Stat. § 7B-906.1(n), which differs only slightly from former N.C. Gen. Stat. § 7B-906(b).

result, the trial court's orders should be, and hereby are, reversed and this case should be, and hereby is, remanded to the Brunswick County District Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Judges ROBERT N. HUNTER, JR., and DAVIS concur.

Report per Rule 30(e).