IN RE S.C.R.

[217 N.C. App. 166 (2011)]

IN THE MATTER OF: S.C.R.

No. COA11-451

(Filed 15 November 2011)

**1. Child Abuse, Dependency, and Neglect—dependency and neglect—failure to make independent findings of fact**

The trial court erred in a child dependency and neglect case by failing to make its own independent findings of fact. The trial court did not satisfy the mandate to enter findings of fact by incorporating DSS's petition and entering an additional finding that the juvenile had special needs. The case was reversed and remanded for further findings of fact.

**2. Child Abuse, Dependency, and Neglect—dependency and neglect—erroneous dismissal of petition—adjudication proceeding distinguishable from termination of parental rights proceeding**

The trial court erred in a child dependency and neglect case when it dismissed the petition against respondent father on the grounds that he was not involved in any of the actions. An adjudication of abuse, neglect, or dependency pertains to the status of the child and not to the identity of any perpetrator of abuse or neglect of the child. An adjudication proceeding is distinguishable from a termination of parental rights proceeding.

**3. Child Abuse, Dependency, and Neglect—dependency and neglect—permanency planning hearing—insufficient notice**

The trial court erred in a child dependency and neglect case by adopting a permanent plan at disposition without sufficient notice to respondent father.

**4. Child Visitation—visitation plan—failure to address in dependency and neglect disposition order**

The trial court erred in a child dependency and neglect case by failing to include an appropriate visitation plan in its disposition order, even though visitation was discussed at the end of the dispositional hearing. Any dispositional order entered on remand must address visitation.

Appeal by respondent from adjudication order entered 1 December 2010 by Judge Alexander Lyerly and disposition order

**IN RE S.C.R.**

[217 N.C. App. 166 (2011)]

entered 20 January 2011 by Judge William Leavell in Watauga County District Court. Heard in the Court of Appeals 31 October 2011.

*Eggers, Eggers, Eggers & Eggers, by Kimberly M. Eggers and Stacy C. Eggers, IV, for petitioner-appellee Watauga County Department of Social Services.*

*Pamela Newell for guardian ad litem.*

*Annick Lenoir-Peek for respondent-appellant mother.*

HUNTER, Robert C., Judge.

Respondent mother F.W. ("respondent") appeals from the trial court's order adjudicating her minor child S.C.R. dependent and neglected. She also appeals from the disposition order granting custody of the minor child to the Watauga County Department of Social Services ("DSS"), ordering DSS to cease reunification efforts, and setting a permanent plan of adoption or guardianship. Because the trial court improperly incorporated the allegations from the juvenile petition as its findings of fact, we reverse and remand for further proceedings.

## Background

On 13 May 2010, DSS filed a juvenile petition alleging dependency and neglect based on lack of proper care and supervision. The petition alleged that on 12 May 2010, DSS received a referral that respondent left the home the previous day and had not returned. The maternal grandmother had to pick the child up at school. The next day, 13 May, the child became aggressive at school, such that "the school felt it was unsafe to release the child to anyone other than a custodial parent." The petition also alleged that DSS was unable to locate respondent after communicating with family members, and that no one knew respondent's whereabouts. The child's father was not a suitable option due to lack of cooperation on his case plan regarding a different child. DSS was granted non-secure custody, and the child was placed in a therapeutic foster home. An amended petition was filed on 17 June 2010 adding as a basis for neglect that the minor child was abandoned.

The adjudication hearing was held on 27 September 2010. The trial court adjudicated the minor child neglected and dependent, and granted DSS custody in an interim disposition in the adjudication order entered 1 December 2010. At a separate disposition hearing held on 20 December 2010, the trial court granted custody to DSS, ordered

IN RE S.C.R.

[217 N.C. App. 166 (2011)]

DSS to cease reunification efforts with respondent, and authorized a permanent plan of guardianship or adoption. The court's disposition order was entered on 20 January 2011. Respondent appeals.

## Standard of Review

"The role of this Court in reviewing a trial court's adjudication of neglect and abuse is to determine '(1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact[.]' " *In Re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (quoting *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000)) (quotation marks omitted), *aff'd as modified*, 362 N.C. 446, 665 S.E.2d 54 (2008). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.*

## Discussion

## I. Adjudication

### A. *Sufficiency of findings of fact*

[1] Respondent first argues the findings of fact are insufficient to support an adjudication of either neglect or dependency where the trial court failed to make its own independent findings of fact. We agree.

The North Carolina Juvenile Code mandates that an "adjudicatory order shall be in writing and shall contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-807(b) (2009). "[T]he trial court's findings must consist of more than a recitation of the allegations" contained in the juvenile petition. *In re O.W.*, 164 N.C. App. 699, 702, 596 S.E.2d 851, 853 (2004) (citing *In re Anderson*, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002)). "[T]he trial court must, through 'processes of logical reasoning,' based on the evidentiary facts before it, 'find the ultimate facts essential to support the conclusions of law.' " *Id.* (quoting *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003)). The findings need to be stated with sufficient specificity in order to allow meaningful appellate review. *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982).

Here, the trial court made the following findings on adjudication:

a. The Juvenile is a special needs child and Respondent Mother understands that and the Court anticipates that she will provide support to mitigate these issues.

**IN RE S.C.R.**

[217 N.C. App. 166 (2011)]

b. The Court incorporates each of the factual allegations set forth in the Petition as findings of fact as if set forth herein in their entirety.

c. Respondents Mother and Father were unable to provide for the proper care, supervision and discipline of the minor child and they lacked an appropriate child care arrangement.

The last finding is more properly considered a conclusion of law, leaving only two findings for our evaluation. *In re M.R.D.C.*, 166 N.C. App. 693, 697, 603 S.E.2d 890, 893 (2004) (noting that a finding of fact which is actually a conclusion of law will be treated as a conclusion of law on appeal), *disc. review denied*, 359 N.C. 321, 611 S.E.2d 413 (2005). We conclude that the findings of fact are insufficient to support an adjudication of either neglect or dependency.

In its second finding if fact, the trial court incorporated the allegations from the DSS petition as its findings of fact. This it cannot do, particularly without making sufficient additional findings of fact which indicate the trial court considered the evidence presented at the hearing. *O.W.*, 164 N.C. App. at 702, 596 S.E.2d at 853. In *O.W.*, this Court explicitly held that the trial court may not simply recite allegations from the petition as its findings of fact. *Id.* It therefore follows that a trial court may not incorporate wholesale the allegations in the petition as a substitute for making its own findings of fact. *Id.; see In re J.S.*, 165 N.C. App. 509, 511, 598 S.E.2d 658, 660 (2004) ("[T]he trial court may not delegate its fact finding duty [and] should not broadly incorporate . . . written reports from outside sources as its findings of fact.").

DSS argues that the allegations in the petition were undisputed by respondent. Assuming, *arguendo*, that each allegation was undisputed and was supported by the evidence, the trial court is not released from its obligation to enter "specific ultimate facts" based on the evidence presented at the hearing. *O.W.*, 164 N.C. App. at 704, 596 S.E.2d at 854. Moreover, the allegations in the petition merely set out a basic factual recitation of the events that led to the filing of the petition, such as the fact that respondent "left the home" on 11 May 2010 and could not be contacted by the school on 13 May 2010. The petition then stated that it was *DSS's position* that "this current abandonment and apparent lack of stability are harmful to [the child] dealing with his behavioral needs." It was for the trial court to ultimately determine, based on the evidence presented at the hearing, whether the actions of respondent constituted abandonment and whether the lack of stability was harmful to the child. The trial court made no

IN RE S.C.R.

[217 N.C. App. 166 (2011)]

findings in this regard nor did it make findings linking any of respondent's actions to dependency or neglect.

The trial court did make one additional finding of fact beyond those incorporated from the petition; however, that lone finding is insufficient to allow us to "determine that the judgment is adequately supported by competent evidence." *Montgomery v. Montgomery*, 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977). The fact that the child has special needs does not automatically render the child dependent or neglected. In sum, the trial court did not satisfy the mandate to enter findings of fact by incorporating DSS's petition and entering an additional finding that the juvenile has special needs. Consequently, we reverse the adjudication order and remand for further findings of fact.

### B. Dismissal of petition pertaining to respondent father

[2] Although we reverse the adjudication order, we elect to address another argument raised by respondent pertaining to adjudication. Respondent contends that the trial court erred when it dismissed the petition against the father "on the grounds that he was not involved in any of the actions enumerated in the Petition." We agree.

"The purpose of abuse, neglect and dependency proceedings is for the court to determine whether the juvenile should be adjudicated as having the status of abused, neglected, or dependent." *In re J.S.*, 182 N.C. App. 79, 86, 641 S.E.2d 395, 399 (2007). Adjudication and disposition proceedings do not involve the "culpability regarding the conduct of an individual parent." *Id.* Thus, the trial court should not have dismissed the petition as to the father, since an adjudication of abuse, neglect, or dependency pertains to the status of the child and not to the identity of any perpetrator of abuse or neglect of the child. We caution trial courts to carefully distinguish between an adjudication proceeding, and termination of parental rights proceedings, which "focus on whether the parent's individual conduct satisfies one or more of the statutory grounds which permit termination." *Id.*

### II. Disposition

Since we reverse the adjudication order, the disposition order must also be reversed, obviating our need to address issues pertaining to it. In an effort to prevent repetition on remand, however, we choose to briefly note two of the issues raised by respondent.

### A. Permanent plan

[3] Respondent argues the trial court erred by adopting a permanent plan at disposition without sufficient notice. This Court has previ-

ously held that "N.C. Gen. Stat. §§ 7B-507 and 907 do not permit the trial court to enter a permanent plan for a juvenile during disposition" without the statutorily required notice for a permanency planning hearing. *In re D.C.*, 183 N.C. App. 344, 356, 644 S.E.2d 640, 646 (2007). Here, the trial court authorized a permanent plan at the disposition hearing, seemingly without the required statutory notice to respondent. This was error and should be noted on remand.

## B. Visitation

[4] Respondent also challenges the disposition order for failing to address visitation. The trial court did provide for visitation in its "Adjudication Order & Interim Disposition" entered on 1 December 2010. Following the disposition hearing, however, the trial court's order fails to address visitation at all. Pursuant to the Juvenile Code, "[a]ny dispositional order . . . under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905(c) (2009). "An appropriate visitation plan must provide for a minimum outline of visitation, such as the time, place, and conditions under which visitation may be exercised." *In re E.C.*, 174 N.C. App. 517, 523, 621 S.E.2d 647, 652 (2005). Here, the trial court failed to include an appropriate visitation plan in its disposition order, even though visitation was discussed at the end of the disposition hearing. Any disposition order entered on remand must address visitation, whether it is granted or not, and if it is, the requisite detail as explained above must be included.

## Conclusion

Since the trial court erred in adopting the petition allegations as its findings of fact, we reverse the adjudication order, and the disposition order upon which it rests, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges THIGPEN and MCCULLOUGH concur.