[230 N.C. App. 523 (2013)]

IN THE MATTER OF J.P. AND P.F.

NO. COA13-35-2

Filed 19 November 2013

**1. Child Abuse, Dependency, and Neglect—notice—failure to object**

Although respondents argued that the trial court erred in a child neglect proceeding by adopting a temporary and then a permanent plan for the children without the statutorily required notice, the alleged error was rendered harmless by respondents' failure to object at a disposition hearing which they attended with counsel.

**2. Child Abuse, Dependency, and Neglect—cessation of reunification efforts—findings and conclusion**

The trial court made sufficient findings before ceasing reunification efforts in a child neglect hearing and related the findings to a conclusion of law that specifically set forth the basis for ceasing reunification efforts.

**3. Child Abuse, Dependency, and Neglect—visitation plan—time, place, conditions—not sufficiently set forth**

The trial court failed in a child neglect proceeding to adopt a proper visitation plan where the plan provided in the disposition order did not sufficiently set forth the time, place, or conditions of respondent-father's visitation.

Appeal by respondents from orders entered 13 June 2012 and 11 October 2012 by Judge Charlie Brown in Rowan County District Court. Heard in the Court of Appeals 8 May 2013.

*Assistant Appellate Defender Joyce L. Terres for respondent-appellant mother.*

*Ryan McKaig for respondent-appellant father.*

*Rowan County Department of Social Services, by Cynthia Dry, for petitioner-appellee.*

*Parker Poe Adams & Bernstein LLP, by Katie M. Iams, for guardian ad litem.*

IN RE J.P.

[230 N.C. App. 523 (2013)]

HUNTER, Robert C., Judge.

Respondent-mother, M.F., appeals from the trial court's order adjudicating her minor child J.P. ("Jane") to be abused and neglected. Respondent-mother and respondent-father, J.F., (collectively "respondents") appeal from the trial court's order adjudicating their minor child P.F. ("Penny") to be neglected.[1] Respondents also appeal from the disposition order which ceased reunification efforts by DSS and adopted a permanent plan as to Penny and Jane.

On 9 August 2013, respondents filed a "Motion to Withdraw Opinion and Reconsider Case Pursuant to Rule 31," which we granted. After careful review on rehearing, we affirm the adjudication order. As to the disposition order, we affirm in part and reverse in part.

## Background

The Rowan County Department of Social Services ("DSS") filed a juvenile petition on 20 February 2012 alleging that Penny was a neglected juvenile and that Jane was an abused and neglected juvenile. A non-secure custody order was entered relating to both children on the same day.

On 10 May 2012, respondents and Jane's father, J.P., signed a consent order acknowledging that Penny and Jane were neglected juveniles and that Jane was an abused juvenile based on clear, cogent, and convincing evidence. On the same day, the trial court entered an adjudication order which created a concurrent plan of reunification with respondent-mother and custody/or guardianship with a family member or court-approved caretaker as a temporary permanent plan for the children. The order also provided that a dispositional hearing was to be scheduled for August 2012.

At the dispositional hearing, the trial court considered the testimony of seven witnesses and the written recommendations of DSS and the children's guardian ad litem ("GAL"). The trial court concluded that efforts to reunite the children with respondents would be futile and inconsistent with the children's safety and their need for a permanent home within a reasonable period of time. In its order entered 11 October 2012, the trial court ruled that reunification efforts should cease and established a permanent plan of custody or guardianship for Penny and Jane with a

---

1. "Penny" and "Jane" are pseudonyms used to protect the identity of the minor children. Respondent-mother, M.F., and respondent-father, J.F., are the parents of the minor child Penny. Respondent-mother and J.P. are the parents of the minor child Jane; however, the father, J.P., is not a party to this appeal.

relative or court-approved caretaker. Custody of the children remained with DSS, and the trial court ordered that a permanency planning review be calendared for December 2012. Respondents filed notices of appeal from the trial court's orders. Acknowledging that their notices did not comply with the Rules of Appellate Procedure, respondents also filed petitions for writ of certiorari. Although we granted DSS's motions to dismiss respondents' appeals, we also granted respondents' petitions for writ of certiorari.

## Discussion

[1] Respondents argue that the trial court erred by adopting a temporary permanent plan at the adjudication hearing and a permanent plan for Penny and Jane at the disposition hearing without giving respondents the statutorily required notice of its intent to create a permanent plan as required by N.C. Gen. Stat. § 7B-907(a). We disagree.

"We review a dispositional order only for abuse of discretion." *In re B.W.*, 190 N.C. App. 328, 336, 665 S.E.2d 462, 467 (2008). "Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court." *In re A.C.F.*, 176 N.C. App. 520, 522, 626 S.E.2d 729, 732 (2006) (citation and quotation marks omitted).

N.C. Gen. Stat. § 7B-507(c) (2011) provides, in pertinent part:

> When the court determines that reunification efforts are not required or shall cease, the court shall order a plan for permanence as soon as possible, *after providing each party with a reasonable opportunity to prepare and present evidence.* If the court's determination to cease reunification efforts is made in a hearing that was *duly and timely noticed as a permanency planning hearing*, then the court may immediately proceed to consider all of the criteria contained in G.S. 7B-907(b), make findings of fact, and set forth the best plan of care to achieve a safe, permanent home within a reasonable period of time. If the court's decision to cease reunification efforts arises in any other hearing, the court shall schedule a subsequent hearing within 30 days to address the permanent plan in accordance with G.S. 7B-907.

(Emphasis added.) N.C. Gen. Stat. § 7B-907(a) further provides that when the trial court conducts a permanency plan hearing "[t]he clerk shall give 15 days' notice of the hearing and its purpose to the parent . . . indicating the court's impending review."

The adjudication order purports to adopt a "temporary permanent plan" of reunification of Penny and Jane with respondent-mother concurrent with custody or guardianship with a family member or other court-approved caretaker. Although respondents contend it was error for the trial court to enter the "temporary permanent plan" at adjudication without providing notice of its intent to do so, we conclude that respondents cannot demonstrate any prejudice resulting from this alleged error. *See In re H.T.*, 180 N.C. App. 611, 613-14, 637 S.E.2d 923, 925 (2006) ("[I]n general, technical errors and violations of the Juvenile Code will be found to be reversible error only upon a showing of prejudice by respondents."). To the extent that the adjudication order did so without notice, the alleged error was rendered harmless by the trial court's adoption of a permanent plan at disposition. As discussed below, respondents did not object to the creation of the permanent plan in the disposition order.

As to the disposition hearing, respondents contend they were provided no notice of the trial court's intent to enter a permanent plan, which is required by section 7B-907(a). "This Court has previously held that 'N.C. Gen. Stat. §§ 7B–507 and 907 do not permit the trial court to enter a permanent plan for a juvenile during disposition' without the statutorily required notice for a permanency planning hearing." *See In re S.C.R.*, __ N.C. App. __, __, 718 S.E.2d 709, 713 (2011) (quoting *In re D.C.*, 183 N.C. App. 344, 356, 644 S.E.2d 640, 646 (2007)). However, in *In re J.S.*, 165 N.C. App. 509, 514, 598 S.E.2d 658, 662 (2004), this Court held that a party waives its right to notice under section 7B-907(a) by attending the hearing in which the permanent plan is created, participating in the hearing, and failing to object to the lack of notice.[2] *See also In re C.W.*, __ N.C. App. __, 723 S.E.2d 582 (No. COA11-1325) (2012) (unpublished) (concluding that the respondent-mother waived her right to notice that a permanent plan would be created in a hearing scheduled only for adjudication and disposition where the mother and her counsel

---

2. On rehearing, respondents contend that the relevant portions of *In re J.S.* cited herein are merely dicta and thus may not be relied on in this decision. We disagree. In that case, the Court stated "[i]n light of our holding on respondents' first two assignments of error, it is unnecessary to address respondents' third assignment of error. *However, we do address respondents' final assignment of error since it raises an issue as to the trial court's jurisdiction.*" *In re J.S.*, 165 N.C. App. at 513, 598 S.E.2d at 661. As part of this final assignment of error, the Court reached the merits of the notice issue. *See id.* ("*By this same assignment of error*, respondents contend they did not receive notice of the permanency planning hearing as required by N.C. Gen. Stat. § 7B–907(a)[.]") (emphasis added). The Court then decided the issue using the analysis we cite above. Therefore, because this analysis was determinative of the outcome of the case, it was not dicta, and we find it controlling. *Musi v. Town of Shallotte*, 200 N.C. App. 379, 383, 684 S.E.2d 892, 896 (2009) ("Under [the doctrine of stare decisis], [t]he determination of a point of law by a court will generally be followed by a court of the same or lower rank[.]") (citation and quotation omitted).

**IN RE J.P.**

[230 N.C. App. 523 (2013)]

attended and participated in the hearing without objecting to the lack of notice required by N.C. Gen. Stat. § 7B-907(a)).

The transcript from the 6 September 2012 disposition hearing establishes that the trial court announced its finding that reunification would be inconsistent with Penny's and Jane's safety and announced its intent to enter a permanent plan without objection by respondents:

> THE COURT: The [c]ourt . . . further bases [i]ts decision to issue a disposition with a permanent plan of custody to [sic] guardianship.
>
> Further for the Department?
>
> [Counsel for DSS]: No, your Honor. Thank you.
>
> THE COURT: Further for the guardian?
>
> [Counsel for GAL]: Thank you.
>
> THE COURT: Further for Respondents?
>
> [Counsel for respondents]: No, your Honor.
>
> THE COURT: Thank you.

It is apparent that respondents and their counsel attended and participated in the disposition hearing in which the trial court announced its intention to enter a permanent plan, and they did not object to the trial court's failure to give the notice required by section 7B-907(a). In accordance with *In re J.S.*, we conclude that respondents waived any objection to the lack of notice of a hearing on a permanent plan, and their argument is overruled.

## II. Findings of Fact

[2] Respondent-mother contends the trial court erred in ceasing reunification efforts without making findings that such efforts would be futile or would be inconsistent with the children's health, safety, and need for a safe, permanent home within a reasonable period of time. We disagree.

In a dispositional order, a trial court may direct

> that reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the court makes written findings of fact that:
>
> (1) Such efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need

> for a safe, permanent home within a reasonable period of time[.]

N.C. Gen. Stat. § 7B-507(b)(1) (2011). "This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007).

Respondent-mother contends the trial court's order does not make an ultimate finding relating to the two prongs of N.C. Gen. Stat. § 7B-507(b)(1), that: (1) attempted reunification efforts would be futile or (2) reunification would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time. In *In re I.R.C.*, ___ N.C. App. ___, ___, 714 S.E.2d 495, 498 (2011), we reversed the trial court's order ceasing reunification efforts because the trial court recited allegations against the respondent but did not "link" any of those allegations to the two prongs of section 7B-507(b)(1). We contrasted the order at issue in *In re I.R.C.* with orders upheld by this Court as meeting the statutory requirements upon the ground that "the trial court in those cases related the findings to a conclusion of law that specifically set forth the basis for ceasing reunification efforts under N.C. Gen. Stat. § 7B–507(b)." *Id.*

Here, the trial court's order contains the following findings of fact:

> 60. . . . [Respondent-mother] continues to live with [respondent-father] even though she understands that [Jane] cannot be placed with her since [respondent-father] has a no contact order with [Jane], and [respondents] have not complied with the court's order.

> 61. Based upon [respondent-father's] guilty plea to Misdemeanor Child Abuse in district court, his violation or [sic] probation after having been serving probation only about ninety days, the changing intentions of reconciliation between [respondents], and the substantial risk to [Jane and Penny] if reunified with [respondents], a permanent plan of custody or guardianship represents the safest and most appropriate permanent plan for the juveniles.

> . . .

> 65. It would be contrary to the best interests and welfare of the juveniles to be returned to the custody of

[respondents] since the issue of child abuse has not yet been addressed by [respondents].

These findings are not challenged by respondents as lacking competent evidentiary support, and they are therefore binding on appeal. *In re L.A.B.*, 178 N.C. App. 295, 298, 631 S.E.2d 61, 64 (2006).[3] These findings of fact support the trial court's ultimate conclusion: "Continuing a plan of reunification for the juveniles is futile *based on the findings at adjudication and those enumerated above* and is inconsistent with the juveniles' safety and their need for a permanent home within a reasonable period of time." (Emphasis added.) Thus, because the trial court "related the findings to a conclusion of law that specifically set forth the basis for ceasing reunification efforts under N.C. Gen. Stat. § 7B–507(b)[,]" *In re I.R.C.*, ___ N.C. App. at ___, 714 S.E.2d at 498, respondent-mother's argument is overruled.

### III. Visitation Plan

**[3]** Respondent-father argues, and the GAL agrees, that the trial court failed to adopt a proper visitation plan in accordance with N.C. Gen. Stat. § 7B-905(c), as the plan provided in the disposition order does not sufficiently set forth the time, place, or conditions of respondent-father's visitation with Penny. We agree.

> Pursuant to the Juvenile Code, "[a]ny dispositional order . . . under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B–905(c) (2009). "An appropriate visitation plan *must provide for a minimum outline of visitation, such as the time, place, and conditions under which visitation may be exercised." In re E.C.*, 174 N.C. App. 517, 523, 621 S.E.2d 647, 652 (2005).

*In re S.C.R.*, ___ N.C. App. ___, ___, 718 S.E.2d 709, 713 (2011) (emphasis added).

In *In re T.B.*, 203 N.C. App. 497, 508-09, 692 S.E.2d 182, 189-90 (2010), we concluded that the provisions in the trial court's dispositional

---

3. We note that respondent-mother challenges the second finding contained in finding No. 65—that the trial court found that the Family Reunification Assessment yields a high risk of harm to the juveniles if they are returned to respondents' home. However, she does not challenge the first finding that the issue of child abuse has not been addressed by respondents.

order regarding visitation were inadequate. The order provided that the mother's visitation with her children would be left to the discretion of the treatment team, that her visitation must be supervised, and that the visitations must adhere to the rules established by DSS. *Id.* We remanded the order to the trial court for the making of additional findings and conclusions regarding the time, place, and conditions under which visitation could be exercised. *Id.*; *see also In re W.V.*, 204 N.C. App. 290, 295, 693 S.E.2d 383, 387 (2010) (remanding for proceedings to clarify the respondent's visitation rights with her child where the trial court's order provided that the "respondent shall have weekly visitations supervised by [DSS]"); *In re I.S.*, 209 N.C. App. 470, 708 S.E.2d 214 (No. COA10-902) (2011) (unpublished) (concluding provisions of the trial court's order regarding visitation were inadequate where the order provided that respondent was "entitled to at least two visits per month" that were to take place at the home of the child's caregiver).

Here, the trial court's order provides that DSS "shall offer supervised visitation" for respondent-father with Penny "every-other week" and that visitation will be reduced to once a month if respondent-father "acts inappropriately during a visitation or does not attend a visit" without prior notice. Based on this Court's holdings in *In re T.B.*, *In re W.V.*, and *In re I.S.*, we reverse and remand that portion of the disposition order regarding respondent-father's visitation with Penny. We remand for the making of additional findings and conclusion as to the time, place, and conditions of an appropriate visitation plan.

## Conclusion

Respondents waived their right to notice of the trial court's intent to enter a permanent plan, as required by N.C. Gen. Stat. §§ 7B-507(c) and 7B-907(a). The trial court's decision to cease reunification efforts in its 11 October 2012 disposition order is supported by sufficient findings of fact. We reverse and remand that portion of the disposition order regarding respondent-father's visitation with Penny for the making of additional findings and conclusions concerning the time, place, and conditions of an appropriate visitation plan. The remainder of the disposition order is affirmed.

The 13 June 2012 adjudication order is AFFIRMED.

The 11 October 2012 disposition order is AFFIRMED in part and REVERSED in part.

Judges STROUD and ERVIN concur.