An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1098

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

IN THE MATTER OF:

                                        Craven County
                                        No. 13 JT 6
Z.D.N.T.


Appeal by respondent from order entered 18 June 2013 by Judge Paul Quinn in Craven County District Court. Heard in the Court of Appeals 27 February 2014.

> *McCotter Ashton, P.A., by Rudolph A. Ashton, III and Kirby H. Smith, III, for petitioner-appellee.*
>
> *Anna S. Lucas for respondent-appellant mother.*


ELMORE, Judge.


Angelica Taylor (respondent) appeals from an order terminating her parental rights to her daughter Z.D.N.T., hereinafter known by the stipulated pseudonym of "Zoe." Because the findings of fact do not support termination of parental rights, we reverse and remand.

## I.  Background

Raymond and Jean Lewis (petitioners) are the paternal grandparents of Zoe, who was born on 2 February 2010 and was three days old when she was placed in the custody of the Craven County Department of Social Services. Following an adjudication and dispositional hearing on 17 June 2010, Zoe was adjudicated as a dependent juvenile. Zoe was placed in petitioners' home.

Following a permanency planning review hearing on 27 May 2011, the trial court granted petitioners legal custody of Zoe by order filed 21 June 2011, *nunc pro tunc* 27 May 2011. However, the trial court also granted respondent a minimum of ten hours of visitation per month. Respondent appealed the determination. In an unpublished opinion, this Court affirmed. *See In re Z.D.N.T.*, COA11-1146, 2012 N.C. App. LEXIS 145 (N.C. Ct. App. 2012).

Thereafter, petitioners filed a petition to terminate the parental rights of respondent on 1 February 2013. The petition alleged that respondent 1) willfully failed to provide financial support for Zoe pursuant to N.C. Gen. Stat. § 7B-1111(a)(4), and 2) willfully abandoned Zoe for at least six consecutive months immediately preceding the filing of the petition pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). The petition came on for hearing during the 24 May 2013 Juvenile Session of the Craven

County District Court. Following the hearing, the trial court terminated respondent's parental rights.

## II. Standard of Review

For termination of parental rights to occur, the trial court must determine whether one or more grounds listed by N.C. Gen. Stat. § 7B-1111(a) exists. N.C. Gen. Stat. § 7B-1111(a) (2013). We review the trial court's order to determine whether the findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings of fact. *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 5 (2004)(citation omitted). We review *de novo* the trial court's conclusions of law. *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009) (citation omitted). "In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." *In re Anderson*, 151 N.C. App. 94, 96, 564 S.E.2d 599, 601 (2002) (quotation and citation omitted).

Here, the trial court made seventeen findings of fact in its order. The first twelve concern procedural matters and are

not dispositive of the issue on appeal.  The remaining findings of fact are as follows:

> 13.  DSS placed the minor juvenile with the Petitioners on June 17, 2011 where she has been residing ever since; and
>
> 14.  Respondent Mother is unable to provide able to provide the care and supervision that the minor child needs; and[1]
>
> 15.  Respondent Mother has willfully abandoned the juvenile for at least six (6) consecutive months immediately preceding the filing of the Petition for Termination of Parental Rights; and
>
> 16.  Termination of the Respondent's parental rights is in the best interest and welfare of the juvenile; and
>
> 17.  The Petition for Termination of Parental Rights was not being filed to circumvent the provisions of Article 2 of Chapter 50A of the General Statutes, the Uniform Child Custody- Jurisdiction and Enforcement Act.

The trial court then made the following conclusions of law:

> 1.  The court has jurisdiction over the parties and subject matter and the parties [sic] of this action; and
>
> 2.  The foregoing FINDINGS OF FACT numbers 1 through 17 are incorporated herein to the extent that they are Conclusions of Law as if fully [set] forth herein; and

---

[1] Quoted verbatim from the court's order.  What the court meant to find as to whether respondent is able or unable to provide the care and supervision is subject to speculation.

3. The Petitioner has proved by clear and convincing evidence the facts stated above, and Respondent's parental rights with the minor child should be permanently terminated on the grounds stated in N.C. Gen. Stat. §§ 7B-1111(4) and (7); and

4. This Order should be entered terminating Respondent's parental rights with respect to the minor child.

The trial court accordingly terminated respondent's parental rights.

### III. Analysis

#### A. Support

Respondent first contends that the trial court erred by terminating her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(4), which permits termination of parental rights if

> [o]ne parent has been awarded custody of the juvenile by judicial decree or has custody by agreement of the parents, and the other parent whose parental rights are sought to be terminated has for a period of one year or more next preceding the filing of the petition or motion willfully failed without justification to pay for the care, support, and education of the juvenile, as required by said decree or custody agreement.

N.C. Gen. Stat. § 7B-1111(a)(4) (2013). Respondent asserts this ground for termination is inapplicable because neither parent has been awarded custody of the child by judicial decree. Respondent alternatively argues that even if the statute is

applicable, the findings of fact and evidence do not support the conclusion of law.

Petitioners concede that termination of respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(4) is error and they "do not resist" reversal of the portion of the order terminating her rights on the ground she failed to provide support for Zoe in accordance with a court order. We accordingly reverse the termination of parental rights on that ground.

## B. **Abandonment**

Respondent next contends that the trial court erred by terminating her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). She specifically argues that finding 16–the only finding pertaining to abandonment—is actually a conclusion of law that is unsupported by the trial court's findings. We agree with respondent.

Under N.C. Gen. Stat. § 7B-1111(a)(7), the trial court may terminate the parental rights upon finding that "[t]he parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion[.]" N.C. Gen. Stat. § 7B-1111(a)(7) (2013).

Even if it is assumed that the evidence is uncontradicted and supportive of the allegations of the petition, the trial court is not released from its obligation to make findings of fact. We have held that the trial court's findings "must consist of more than a recitation of the allegations contained in the juvenile petition." *In re S.C.R.*, ___ N.C. App. ___, ___, 718 S.E.2d 709, 711 (2011) (citation and quotation omitted). Instead, the "trial court must, through processes of logical reasoning, based on the evidentiary facts before it, find the ultimate facts essential to support the conclusions of law. The findings need to be stated with sufficient specificity in order to allow meaningful appellate review." *Id*. at ___, 718 S.E.2d at 712 (citations omitted). A proper finding of fact would provide support for the trial court's conclusion of law.

Petitioners concede that the trial court did not make specific findings of fact regarding respondent's abandonment of Zoe. However, they contend that specific findings are unnecessary because respondent did not contest the allegation and the evidence is overwhelming and uncontested that respondent had abandoned Zoe. They submit that "[t]o require further findings of fact, when the issue of abandonment was not really disputed, would be surplusage."

Petitioners' argument is without merit. Finding 16 merely recites the allegations of the petition. Abandonment occurs when there is some "conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." *In re Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 514 (1986) (citation omitted). The trial court's findings at bar do not show any conduct on respondent's part to support a conclusion that respondent willfully abandoned Zoe. We hold that the findings of fact are insufficient, and we therefore reverse termination of respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(7).

Respondent also contends that the trial court abused its discretion in finding that it is in Zoe's best interest to terminate respondent's parental rights. She further contends that she was denied a fair and impartial hearing and effective assistance of counsel because counsel failed to move to dismiss the petition. Because we are reversing the adjudication and remanding for further proceedings, we need not consider these contentions as they may not recur.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges CALABRIA and STEPHENS concur.

Report per Rule 30(e).