INMAN, Judge.
*927 *204 Respondents Jason and Shonna Schindler (the "Schindlers") appeal from orders on adjudication and disposition terminating their guardianship of their juvenile grandchild, K.S. ("Kaitlyn").[1] After careful review, we reverse the orders in part and remand for further proceedings.
I. FACTUAL AND PROCEDURAL HISTORY
Kaitlyn was born in August 2007. Three months later, the Onslow County Department of Social Services ("DSS") filed a juvenile petition alleging neglect by Kaitlyn's parents (the "First Petition"). On 11 December 2007, the trial court adjudicated Kaitlyn neglected and abused, and granted physical custody of Kaitlyn to her maternal grandmother, respondent Shonna Schindler. Additional orders continuing Shonna Schindler's physical custody of Kaitlyn were entered on 12 March and 18 April 2008. On 19 September 2008, and by orders entered 19 September 2008 and 4 February 2009, the trial court changed the plan to relative custody and granted primary legal and physical custody of Kaitlyn to the Schindlers (the "Custody Orders"). On 16 September 2009, the trial court entered an order (the "Guardianship Order") granting the Schindlers legal guardianship of Kaitlyn and "ceas[ing] further reviews in this matter."
Nothing further was filed concerning Kaitlyn until 12 July 2016, when DSS filed a second petition alleging neglect and dependency stemming from the Schindlers' arrests on multiple drug-related charges (the "Second Petition"). The petition related not only to Kaitlyn, but also to two additional grandchildren.
Following several continuances, the trial court held an adjudication hearing on the Second Petition on 13 February 2017. DSS dismissed its allegation of dependency and sought adjudication only on the issue of neglect. Following the hearing, the trial court on 9 March 2017 entered an order adjudicating Kaitlyn and the other two grandchildren neglected and dependent, notwithstanding DSS's dismissal of the latter ground. Eight months later, on 9 November 2017, the trial court entered a corrected adjudication order adjudicating the minors neglected and acknowledging the dismissal of the allegations of dependency. In *205 both the original and corrected orders, the trial court found that the Schindlers were granted guardianship of Kaitlyn as of 16 September 2009, the date of the Guardianship Order. While the trial court did find that the Schindlers had been arrested on drug-related charges, it failed to make any findings as to harm or risk of harm to Kaitlyn as a result of her guardians' alleged drug activities. Indeed, neither DSS nor a court-appointed Guardian Ad Litem ("GAL") introduced any evidence to support findings of harm or risk of harm to Kaitlyn, and the lone witness at the hearing did not testify regarding those factual issues.
Following a dispositional hearing on 7 June 2017, the trial court entered an order on 14 November 2017 terminating the Schindlers' guardianship of Kaitlyn. The Schindlers timely appealed both the corrected order on adjudication and the order on disposition.
II. ANALYSIS
Both DSS and the GAL concede that the trial court's corrected adjudicatory order is deficient as a matter of law because it does not include the necessary factual findings of harm or a risk of harm to Kaitlyn resulting from the Schindlers' drug activities and arrests. However, DSS contends that the Schindlers are not parties to the action with right of appeal. Because "[s]tanding is jurisdictional in nature and ... a threshold issue that must be addressed, and found to exist, *928 before the merits of [the] case are judicially resolved[,]" In re T.B. , 200 N.C. App. 739, 742, 685 S.E.2d 529, 531-32 (2009) (citations and internal quotation marks omitted) (second alteration in original), we address this question first.
DSS asserts the Schindlers are without standing under two statutes: N.C. Gen. Stat. § 7B-401.1 (2017) and N.C. Gen. Stat. § 7B-1002(4) (2017). The first concerns who are or may be made parties to abuse, neglect, and dependency proceedings, while the latter limits which parties may appeal from orders rendered in those proceedings. Reviewing the relevant statutes and case law, we hold that the Schindlers have standing to appeal.
Section 7B-401.1 provides that the following persons are parties to abuse, neglect, and dependency proceedings:
(c) Guardian.-A person who is the child's court-appointed guardian of the person or general guardian when the petition is filed shall be a party. A person appointed as the child's guardian pursuant to G.S. 7B-600 shall automatically become a party but only if the court has found that the guardianship is the permanent plan for the juvenile.
*206 (d) Custodian.-A person who is the juvenile's custodian, as defined in G.S. 7B-101(8), when the petition is filed shall be a party. A person to whom custody of the juvenile is awarded in the juvenile proceeding shall automatically become a party but only if the court has found that the custody arrangement is the permanent plan for the juvenile.
N.C. Gen. Stat. §§ 7B-401.1(c) - (d). Section 7B-1002 limits parties with the right to appeal to the juvenile if no GAL has been appointed, the GAL if previously appointed, DSS, the party that sought but failed to obtain a termination of parental rights, and "[a] parent, a guardian appointed under G.S. 7B-600 or Chapter 35A of the General Statutes, or a custodian as defined in G.S. 7B-101 who is a nonprevailing party." N.C. Gen. Stat. §§ 7B-1002(1) - (5). DSS contends that the Guardianship Order is deficient as a matter of law and the Schindlers are therefore not guardians within the meaning of Section 7B-401.1(c). "[T]he effect of such failure[,]" DSS reasons, "means that the [Schindlers] have been merely caretakers since that time[,]" and caretakers are not parties with right of appeal under Section 7B-1002. This argument is unavailing.
First, dispositional orders are not subject to collateral attack in a subsequent action when the basis for voiding the prior order is non-jurisdictional. See, e.g., In re Wheeler , 87 N.C. App. 189, 193-94, 360 S.E.2d 458, 461 (1987) (prohibiting a party from collaterally attacking a prior order adjudicating a child abused and neglected and granting custody to a county department of social services on non-jurisdictional grounds on appeal from an order terminating parental rights). DSS, therefore, cannot avoid review of the Second Petition based on non-jurisdictional errors in orders entered on the First Petition. Because the Schindlers were guardians at the time the Second Petition was filed, they were parties to the action. N.C. Gen. Stat. § 7B-401.1(c) ("A person who is the child's court-appointed guardian of the person or general guardian when the petition is filed shall be a party."). As nonprevailing guardians, they have standing to appeal. N.C. Gen. Stat. § 7B-1002.
Second, assuming arguendo that the Guardianship Order is void, DSS does not contend that the earlier Custody Orders are invalid. Section 7B-101 defines "custodians" as "[t]he person ... that has been awarded legal custody of a juvenile by a court[,]" N.C. Gen. Stat. § 7B-101 (2017), and the earlier Custody Orders made just such an award to the Schindlers. Because the last of the Custody Orders established that "the case plan of relative custody is the plan most likely to achieve permanence for [Kaitlyn,]" awarded the Schindlers legal custody, and changed the case plan to relative custody, the Schindlers were automatically *207 rendered parties to the First Petition. N.C. Gen. Stat. § 7B-401.1(d).[2] Further, the Schindlers were *929 custodians as defined by Section 7B-101(8) when the Second Petition was filed, and were therefore parties as of that time. N.C. Gen. Stat. § 7B-401.1(d). Finally, because non-prevailing custodians as defined in Section 7B-101 are parties with right to appeal, N.C. Gen. Stat. § 7B-1002(4), the Schindlers have standing to appeal the orders on adjudication and disposition.[3]
We now turn to the merits. We review whether "the findings [made] support the conclusion[ ] of law" that Kaitlyn is neglected. In re E.P. , 183 N.C. App. 301, 307, 645 S.E.2d 772, 775 (2007). A trial court adjudicating a juvenile neglected must make sufficient findings "show[ing] ... harm[ ] ... or creat[ion of] a substantial risk of such harm[,]" In re J.R. , 243 N.C. App. 309, 314, 778 S.E.2d 441, 445 (2015), and, as conceded by all parties, the trial court in this case committed reversible error in failing to make any findings to that effect. Additionally, no evidence introduced at adjudication supports such findings, and reversal is therefore proper. In re J.R. , 243 N.C. App. at 315, 778 S.E.2d at 445 (reversing an adjudication of neglect where "neither the evidence nor the trial court's findings are sufficient to establish [the juvenile] as a neglected juvenile"). As a result, and consistent with the relief requested by all parties on this issue, we reverse the adjudication order; since no party has appealed the adjudication of M.N. and A.N. as neglected, we limit our reversal to the portion of the order adjudicating Kaitlyn neglected.
*208 "Since we reverse the adjudication order, the disposition order must also be reversed, obviating our need to address issues pertaining to it." In re S.C.R. , 217 N.C. App. 166, 170, 718 S.E.2d 709, 713 (2011). Like the adjudication order, the disposition order is reversed in part, only as to Kaitlyn. In addition, we remand the case for further proceedings not inconsistent with this opinion.
III. CONCLUSION
As court-appointed guardians and persons awarded legal custody of Kaitlyn, the Schindlers are parties to this action pursuant to Section 7B-401.1 and have standing to bring this appeal pursuant to Section 7B-1002. Because the trial court failed to make sufficient findings of fact in its adjudication order to support the conclusion that Kaitlyn is a neglected juvenile, because no evidence was introduced to support those necessary findings of fact, and in light of the concessions by all parties on this issue, we reverse the adjudication order in part and the disposition order in part, with respect to the adjudication and disposition of Kaitlyn, and remand for further proceedings.
REVERSED IN PART AND REMANDED.
Judges DILLON and DAVIS concur.

A pseudonym is used to protect the identity of the juvenile and for ease of reading. See N.C. R. App. P. 3.1(b). No party appeals the orders on grounds pertaining to the two additional grandchildren named in the action, M.N. and A.N., and the only issues on appeal involve Kaitlyn. As a result, this opinion does not address any issues concerning the other grandchildren.

This statute was enacted in 2013, four years after the Custody and Guardianship Orders, and applied "to actions filed or pending on or after [1 October 2013]." 2013 N.C. Sess. Laws 129, § 41. No party contends that a final order had been entered on the First Petition and that the action was no longer pending at the time of Section 7B-401.1's effective date or that the statute does not apply.

DSS posits in passing, and without arguing directly, that the trial court somehow lacked personal jurisdiction over the Schindlers at the time of the adjudication hearing on the Second Petition. This position has no merit. The trial court has jurisdiction "over the ... guardian [or] custodian ... of a juvenile who has been adjudicated abused, neglected, or dependent, provided [they] ... ha[ve] (i) been properly served with summons pursuant to G.S. 7B-406, (ii) waived service of process, or (iii) automatically become a party pursuant to G.S. 7B-401.1(c) or (d)." N.C. Gen. Stat. § 7B-200(b) (2017). The Schindlers were both served with process and "bec[a]me automatic parties pursuant to N.C. Gen. Stat. §§ 7B-401.1(c) or (d) [.]" N.C. Gen. Stat. § 7B-200(b). Further, the Schindlers, with their attorneys, appeared at the adjudication hearing without objection on personal jurisdiction grounds; the issue was therefore waived. In re K.J.L. , 363 N.C. 343, 347, 677 S.E.2d 835, 837-38 (2009). With all three statutory grounds for personal jurisdiction met in this case, the phantom of a jurisdictional argument intimated by DSS is exactly that-spectral and without substance.